Marc J. Rachman (admitted *pro hac vice*)
mrachman@dglaw.com
Zachary G. Karram (admitted *pro hac vice*)
zkarram@dglaw.com
Charlotte McCary (admitted *pro hac vice*)
cmccary@dglaw.com
**DAVIS+GILBERT LLP**
1675 Broadway
New York, New York 10019
Telephone: (212) 468-4800
Fax: (212) 468-4888

Christopher T. Holland (SBN 164053)
CHolland@HollandLawLLP.com
Clark A. Waldon (SBN 312696)
CWaldon@HollandLawLLP.com
**HOLLAND LAW LLP**
220 Montgomery Street, Suite 800
San Francisco, CA 94104
Telephone: (415) 200-4980
Fax: (415) 200-4989

*Attorneys for Defendant Verve Group Europe GMBH*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALEX WOODS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>vs.<br><br>VERVE GROUP EUROPE GMBH, a German limited liability company,<br><br>*Defendant.* | Case No.: 5:24-cv-04909-NW<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF VERVE GROUP EUROPE GMBH'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, COMPEL ARBITRATION, AND STAY ACTION**<br><br>**Hearing Date:** November 19, 2025<br>**Hearing Time:** 9:00 a.m.<br>**Judge:** Noël Wise<br>**Hearing Location:** San Jose Courthouse, Courtroom 3, 5th Floor |

# VGE'S REQUEST FOR JUDICIAL NOTICE

## I. INTRODUCTION

VGE has moved to dismiss Plaintiff's action for failure to state a claim. In support of that motion, VGE respectfully requests that the Court take judicial notice of several documents that are quoted, cited, and relied upon in Plaintiff's First Amended Class Action Complaint ("FAC") or are otherwise subject to judicial notice because they can be accurately determined from sources whose accuracy cannot reasonably be questioned. These documents—the Tagged Consent Flow, the Tagged Terms of Service ("TOS"), the Tagged Privacy Policy, and the VGE Software Contracts—are subject to judicial notice and/or incorporated by reference into Plaintiff's FAC for the reasons set forth below. Courts have taken judicial notice of, or incorporated by reference, similar documents filed with similar motions to dismiss. *See, e.g., In re Google, Inc. Priv. Pol'y Litig*., 2012 WL 6738343, at *4 (N.D. Cal. Dec. 28, 2012) (Google's "past and present" Privacy Policies); *Yuksel v. Twitter, Inc.,* 2022 WL 16748612, at *3 (N.D. Cal. Nov. 7, 2022) (Twitter's Terms of Service); *Garcia v. Enterprise Holdings, Inc.,* 78 F. Supp. 3d 1125, 1136 (N.D. Cal. 2015) (privacy policy); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (documents not directly attached to complaint).

The need for judicial is based upon the following allegations in the FAC. Plaintiff Alex Woods alleges that Tagged, a dating application network service, integrated Defendant Verve Group Europe GMBH's ("VGE") PubNative software development kit ("VGE SDK") and other technology or code into its mobile app. *See* Plaintiff's FAC ¶¶ 16, 44. Plaintiff contends that he "downloaded and used the 'Tagged' dating app on his Android device within the last year." *Id.* ¶ 43. Plaintiff asserts that the VGE SDK allows VGE to collect "precise and timestamped latitude and longitude geolocation coordinates from consumers' devices, mobile advertising IDs ("MAIDs"), the mobile app name, and device fingerprint data." *Id.* ¶ 17. Plaintiff further claims that "[c]onsumers are never informed about Verve's SDK and other technology or code" (*id.* ¶ 19), and that VGE has partnered with platforms such as Tagged in order to "correlate various device identifiers with personal information to ascertain a consumer's identity" and "surreptitiously [collect data] without the consumer's knowledge or consent" (*id.* ¶¶ 4, 21).

Plaintiff has now filed this putative class action against VGE alleging installation of a pen register without a court order, in violation of the California Invasion of Privacy Act ("CIPA"), and for violating various anti-hacking provisions of California's Comprehensive Computer Data Access and Fraud Act ("CDAFA"). *Id.* ¶¶ 53-66. In doing so, he seeks to represent a putative class including: "All California residents who downloaded and used an app on their mobile device (1) with the [VGE] SDK embedded into the app or [VGE's] other technology or code embedded into the app that collected their geolocation coordinates, mobile advertising IDs, the mobile app name, and/or device fingerprint data and (2) that did not publicly disclose "Verve" in any of the app's notices or disclosures." *Id.* ¶ 46.

## II. <u>LEGAL STANDARD</u>

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts may consider any matters subject to judicial notice. *Swartz v. KMPG LLP,* 476 F.3d 756, 763 (9th Cir. 2007); *see also Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). A matter is subject to judicial notice when it is "not subject to reasonable dispute" because it either "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Further, under the incorporation-by-reference doctrine, a court may consider a document extrinsic to the complaint if "the plaintiff's complaint necessarily relies on [it]." *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001) (internal citation omitted); *see also Gammel v. Hewlett-Packard Co.,* 905 F. Supp. 2d 1052, 1061 (C.D. Cal. 2012) ("[T]he Court may consider [documents'] contents under the incorporation by reference doctrine even if they fail to satisfy Rule 201's requirements for judicial notice."). A plaintiff's complaint necessarily relies on an extrinsic document "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003) (internal citations omitted). Quoting from a document is sufficient to incorporate a document by reference. *See Daniels-Hall v.*

*Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). This doctrine is intended to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken or doom their claims." *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 1002 (9th Cir. 2018). When a document is incorporated by reference, a court can treat it as part of the complaint and "thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie,* 342 F.3d at 908.

## III. DOCUMENTS SUBJECT TO THIS REQUEST

Set forth below are the documents subject to this request for judicial notice.

### A. Tagged Consent Flow

Attached as **Exhibit A** to the Declaration of Marc Rachman filed concurrently herewith ("Rachman Decl."), are a true and correct copies of screenshots taken on or about October 18, 2024, of the Google Play Store Interface, and the disclosures contained therein, as displayed to users who navigate to the Tagged App via the Google Play Store from an Android Device. Attached as **Exhibit B** is a true and correct copy of a screenshot taken on or about October 18, 2024, of the Tagged App Log-in Page displayed when the Tagged App is downloaded from the Google Play Store and opened on an Android Device. Attached as **Exhibit C** is a true and correct copy of a screenshot taken on or about October 18, 2024, of the Tagged App Registration Page displayed when a user selects "Continue with Google."

### B. Tagged TOS

Attached as **Exhibit D** is a true and correct copy of an excerpt from the Tagged TOS published on July 23, 2024, publicly available at https://web.archive.org/web/20240801095133/https://secure.tagged.com/terms_of_service.html#terms_of_service_us_row and effective at the time Plaintiff filed the FAC. Attached as **Exhibit E** is a true and correct copy of an excerpt from the Tagged TOS that is publicly available at https://web.archive.org/web/20240501105131/https://secure.tagged.com/terms_of_service.html#terms_of_service_us_row published on April 18, 2024. Attached as **Exhibit F** is a true and correct copy of an excerpt from the Tagged TOS that is publicly available at

https://web.archive.org/web/20240106074101/https://secure.tagged.com/terms_of_service.html#terms_of_service_us_row, published on December 8, 2023. Attached as **Exhibit G** is a true and correct copy of an excerpt from the Tagged TOS that is publicly available at https://web.archive.org/web/20231205025402/https://secure.tagged.com/terms_of_service.html#terms_of_service_us_row, published on September 15, 2023. There are no material differences between these versions for purposes of VGE's motion, but VGE includes each so that the Court will have a complete record of the Tagged TOS that were presented to users during the period between November 14, 2023 and November 14, 2024 when Plaintiff alleges he used the Tagged App. *See* FAC ¶ 43.

**C. Tagged Privacy Policy**

Attached as **Exhibit H** is a true and correct copy of an excerpt from the Tagged Privacy Policy, published on October 8, 2024, publicly available at https://web.archive.org/web/20241026062225/https://secure.tagged.com/terms_of_service.html#privacy_policy and effective at the time Plaintiff filed the FAC. Attached as **Exhibit I** is a true and correct copy of an excerpt from the Tagged Privacy Policy that is publicly available at https://web.archive.org/web/20240703233312/https://www.tagged.com/terms_of_service.html#privacy_policy, published on July 1, 2024. Attached as **Exhibit J** is a true and correct copy of an excerpt from the Tagged Privacy Policy that is publicly available at https://web.archive.org/web/20240324204313/https://www.tagged.com/terms_of_service.html#privacy_policy, published on March 18, 2024. Attached as **Exhibit K** is a true and correct copy of an excerpt from the Tagged Privacy Policy that is publicly available at https://web.archive.org/web/20231210013342/https://www.tagged.com/terms_of_service.html#privacy_policy, published on December 8, 2023. Attached as **Exhibit L** is a true and correct copy of an excerpt from the Tagged Privacy Policy that is publicly available at https://web.archive.org/web/20230929010134/https://www.tagged.com/terms_of_service.html#privacy_policy, published on September 15, 2023. There are no material differences between these versions for purposes of VGE's motion, but VGE includes each so that the Court will have a complete record of the Tagged Privacy Policies that were presented to users during the period between November 14,

2023 and November 14, 2024 when Plaintiff alleges he used the Tagged App. *See* FAC ¶ 43.

**D. VGE Software Contracts**

Attached as **Exhibit M** is a true and correct copy of the PubNative Mobile Publisher Ad Optimization Agreement Terms and Conditions, between PubNative GmbH[1] and The Meet Group, Inc., executed on June 12, 2020, regarding the VGE software that is at issue in this case. Attached as **Exhibit N** is a true and correct copy of the Data Processing Agreement with Publisher in accordance with Art. 28 GDPR, executed on June 12, 2020, regarding the VGE software that is at issue in this case. Collectively, **Exhibits M** and **N** are referred to as the "VGE Software Contracts."

## IV. ARGUMENT

### A. The Publicly Available Tagged Consent Flow App Pages and Tagged TOS and Privacy Policy Webpages are Subject to Judicial Notice as the Contents Therein Can Be Accurately Determined.

The Court may take judicial notice of the Tagged Consent Flow (Exhibits A-C), Tagged TOS (Exhibits D-G), and Tagged Privacy Policy (Exhibits H-L) because they are all publicly-available app and/or webpages and their authenticity is not subject to reasonable dispute. "In general, websites and their contents may be judicially noticed." *Threshold Enters. Ltd. v. Pressed Juicery, Inc.,* 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020); *In re Intel Corp. Sec. Litig.,* 2023 WL 2767779, at *9 (N.D. Cal. Mar. 31, 2023) ("[E]xhibits are [] judicially noticeable as publicly available articles.") (citing *Heliotrope Gen., Inc. v. Ford Motor Co.,* 189 F.3d 971, 981 n.18 (9th Cir. 1999)). Accordingly, courts in this District regularly take judicial notice of publicly-available websites and their contents, including "privacy policies" and "terms of service" like those referenced herein. *See, e.g., Zhang v. Twitter Inc.,* 2023 WL 5493823, at *3 (N.D. Cal. Aug. 23, 2023); *see also, e.g., In re Google, Inc. Priv. Pol'y Litig.,* 2012 WL 6738343, at *4 (N.D. Cal. Dec. 28, 2012) (Google's "past and present" Privacy Policies); *Yuksel,* 2022 WL 16748612, at *3 (Twitter's Terms of Service); *Datel Holdings, Ltd. v. Microsoft Corp.,* 712 F.Supp.2d 974, 983–84 (N.D. Cal. 2010) (Microsoft's Xbox Terms of Use); *Pica v. Delta*

---

[1] VGE is the successor-in-interest to PubNative GmbH, party to the Pubnative Mobile Publisher Ad Optimization Agreement and Data Processing Agreement with Publisher. *See* Guinto Decl. ¶ 5.

*Air Lines, Inc.,* 2018 WL 5861362, at *5 (C.D. Cal. Sept. 18, 2018) ("[T]he Court takes judicial notice of the Privacy Policy as 'matters of public record outside the pleadings that are not subject to reasonable dispute.'") (citations omitted). This Court may also take judicial notice of the VGE Software Contracts (Exhibits M-N) because they can be accurately determined from VGE's business records and are not reasonably subject to dispute. *See Soil Retention Prods., Inc. v. Brentwood Indus.,* Inc., 521 F. Supp. 3d 929, 946 n. 5 (S.D. Cal. 2021) ("A court may take judicial notice of the fact that a contract was signed.") (citations omitted).

These documents are all relevant to the Court's analysis of Plaintiff's FAC and VGE's Motion to Dismiss. The Tagged Consent Flow, Tagged TOS, and Tagged Privacy Policy contain disclosures and product information that were presented to Plaintiff, which defeat all of his privacy claims against VGE as a matter of law. *See* Mot. to Dismiss at p. 6-7, 10-11, 13-14, 21-24. In addition, the VGE Software Contracts are relevant to VGE's argument that it did not knowingly violate CDAFA. *See id.* at p. 1, 23-24. Accordingly, judicial notice of these documents is proper and relevant to the Court's review of VGE's motion to dismiss.

### B. Plaintiff Incorporates by Reference Each of the Exhibits Either by Citing to, Referring to, and/or Necessarily Relying on Them to Form the Basis of His Privacy Claims.

#### 1. Tagged Consent Flow, Tagged TOS, and Tagged Privacy Policy

The Tagged Consent Flow, Tagged TOS, and Tagged Privacy Policy (Exhibits A-L) are also incorporated by reference into the FAC because they underpin Plaintiff's allegations that he used the Tagged App but did not authorize data collection and sharing. *See* FAC ¶¶ 43-45; *see also, e.g., Smith v. Facebook, Inc.,* 745 F. App'x 8, 9 (9th Cir. 2018) (affirming dismissal of pleadings, including California and Federal wiretap claims, where the practice complained of "f[ell] within the scope of Plaintiffs' consent to Facebook's Terms and Policies"); *Hammerling v. Google, LLC,* 2024 WL 937247, at *3 (9th Cir. Mar. 5, 2024) (holding privacy claim was "properly dismissed" where the privacy policy "expressly disclosed Google's intention to track their activity on third-party apps"). Plaintiff alleges that he "downloaded and used" the Tagged App on his Android device within the past year. *See* FAC ¶ 43. The Tagged Consent Flow shows the sequence of screens and disclosures

presented as of October 18, 2024, within the one year period when Plaintiff alleges he downloaded the Tagged App, when a user "downloads and uses" the Tagged App on an Android Device. Because these materials demonstrate where, when, and how Tagged made Plaintiff aware of its TOS and Privacy Policy, which disclose the data collection and sharing practices at issue, Plaintiff necessarily relies on them, even though Plaintiff does not explicitly reference them in the FAC. *See Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005) (the court may consider a document "even though the plaintiff does not explicitly allege the contents of that document in the complaint" where "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document."); *see also Laatz v. Zazzle, Inc.,* 682 F. Supp. 3d 791, 804 (N.D. Cal. 2023) (finding screenshots of the defendant's sign-up pages were incorporated by reference into the complaint because they formed the basis of the plaintiff's fraud claims).

For example, although Plaintiff fails to mention the Tagged Privacy Policy in the FAC, he alleges that "[c]onsumers are never informed about [the VGE] SDK and other technology or code." FAC ¶ 19. But Plaintiff's own claims implicitly acknowledge that the app's "notices or disclosures" inform whether he was sufficiently notified of these practices. *Id.* ¶ 46. "Because Plaintiff's claim necessarily depends on the application of [Tagged's privacy] policies—which relate directly to the issue of consent," the Court should hold that these documents "may appropriately be considered on a motion to dismiss." *Garcia,* 78 F. Supp. 3d at 1136 (incorporating by reference a privacy policy where the plaintiff did not mention it but alleged he did not consent to the data practices at issue in CIPA action) (citing *Knievel,* 393 F.3d at 1076); *see also Al-Ahmed v. Twitter, Inc.,* 603 F. Supp. 3d 857, 868 (N.D. Cal. 2022) (incorporating by reference of notices that the plaintiff claims do not exist is appropriate where the authenticity of the materials is undisputed). Here, Plaintiff's claims rely on Tagged's privacy disclosures, and the authenticity of the publicly available Tagged Privacy Policy and Tagged TOS are not reasonably subject to dispute. *See, e.g., Laatz,* 682 F. Supp. 3d at 804 (appropriate to take judicial notice of webpages captured via Wayback Machine).

**2. VGE Software Contracts**

Plaintiff's claims also necessarily rely on the VGE Software Contracts (Exhibits M-N). First, these agreements permit Tagged to "embed[] [the VGE] SDK or other technology or code," which Plaintiff alleges "enables backdoor access to consumers' devices and opens a direct data collection pipeline to VGE and its advertising platform monetization partners." FAC ¶ 2. Second, Plaintiff's FAC makes clear that he is accusing VGE and Tagged of acting in concert. *See, e.g., id.* ¶¶ 2, 10, 44. Thus, the FAC incorporates by reference the VGE Software Contracts. *See, e.g., Parrino,* 146 F.3d at 706 (incorporating employee health plan where the claims were premised upon the plaintiff's coverage under the plan).

Moreover, Plaintiff's allegation that the developers of the Tagged app embedded VGE's software into their app alludes to the fact that Tagged purchased services and software from VGE. FAC ¶ 44. As such, Plaintiff's allegations necessarily rely on the VGE Software Contracts between VGE and Tagged, which establish the specific services and software Tagged has in fact contracted for VGE to provide. Because Plaintiff's claims necessarily rely on the VGE Software Contracts, those documents are incorporated by reference into the FAC. *See Parrino,* 146 F.3d at 706; *In re Bank of Am. California Unemployment Benefits Litig.,* 674 F. Supp. 3d 884, 936 n. 21 (S.D. Cal. 2023) (finding contract between defendant and non-party was incorporated by reference because fiduciary duty claim relied "in part" on the terms of the contract).

## V. <u>CONCLUSION</u>

VGE respectfully requests that the Court grant its request to judicially notice and incorporate by reference the foregoing documents—the Tagged Consent Flow, the Tagged TOS, the Tagged Privacy Policy, and the VGE Software Contracts—in support of its motion to dismiss Plaintiff's Complaint, compel arbitration, and stay this action.

Dated: August 15, 2025

Respectfully submitted,

DAVIS+GILBERT LLP

/s/ *Marc J. Rachman*

Marc J. Rachman (admitted *pro hac vice*)
mrachman@dglaw.com
Zachary G. Karram (admitted *pro hac vice*)
zkarram@dglaw.com
Charlotte McCary (admitted *pro hac vice*)
cmccary@dglaw.com
1675 Broadway
New York, New York 10019
(212) 468-4800

*Attorneys for Defendant*
*Verve Group Europe GMBH*