Rafey Balabanian (SBN 315962)
rbalabanian@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300
Fax: 415.373.9435

Schuyler Ufkes*
sufkes@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

**Pro hac vice admission to be sought*

*Counsel for Plaintiff and the Putative Class*

**IN THE UNITED STATES DISTRICT COURT**

**FOR NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

ALEX WOODS, individually and on behalf of all others similarly situated,

*Plaintiff*,

v.

VERVE GROUP EUROPE GMBH, a German limited liability company,

*Defendant*.

Case No. 5:24-cv-04909-NW

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) OR, IN THE ALTERNATIVE, TO STAY PENDING RESOLUTION OF APPEAL IN *ATKINS V. AMPLITUDE, INC.***

**Hearing Date:** May 6, 2026
**Hearing Time:** 9:00 a.m.
**Judge:** Hon. Noël Wise
**Hearing Location:** San Jose Courthouse, Courtroom 3, 5th Floor

**PLAINTIFF'S NOTICE OF MOTION AND MOTION**

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff Alex Woods hereby respectfully moves this Court, pursuant to 28 U.S.C. § 1292(b), to amend its December 9, 2025 Order Granting Motion to Compel Arbitration (ECF No. 54) to certify the following controlling question of law for immediate interlocutory appeal to the Ninth Circuit:

> Whether the rule set forth in *Metalclad Corp. v. Ventana Environmental Organizational Partnership*, 109 Cal. App. 4th 1705 (4th Dist. 2003) and its progeny, allowing non-signatories to compel arbitration through equitable estoppel without showing detrimental reliance, is an arbitration-favoring rule in violation of *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022).

This motion satisfies all three requirements for certification under 28 U.S.C. § 1292(b): (1) the Order involves a controlling question of law; (2) substantial ground for difference of opinion exists; and (3) immediate appeal may materially advance the ultimate termination of this litigation.

In the alternative, Plaintiff moves to stay this case, including any arbitration proceedings, pending resolution of an identical Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) currently pending in *Atkins v. Amplitude, Inc.*, No. 3:24-cv-04913-RFL, ECF No. 49 (N.D. Cal.), and, if that motion is granted, pending resolution of the subsequent appeal. The *Atkins* motion presents the exact same question for interlocutory appeal.

**STATEMENT OF RELIEF SOUGHT**

Plaintiff respectfully requests that the Court:

1. Amend its December 9, 2025 Order (ECF No. 54) to include the following certification: The Court hereby certifies for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) the following controlling question of law: Whether the rule set forth in *Metalclad Corp. v. Ventana Environmental Organizational Partnership*, 109 Cal. App. 4th 1705 (4th Dist. 2003) and its progeny, allowing non-signatories to compel arbitration through equitable estoppel without showing detrimental reliance, is an arbitration-favoring rule in violation of *Morgan*

*v. Sundance, Inc.*, 596 U.S. 411 (2022). The Court finds that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation.

2. In the alternative, enter an order staying this case, including any obligation to initiate or proceed with arbitration, pending resolution of Plaintiff's Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) in *Atkins v. Amplitude, Inc.*, No. 3:24-cv-04913-RFL, ECF No. 49 (N.D. Cal.), and, if that motion is granted, pending resolution of the interlocutory appeal in the Ninth Circuit.

## TABLE OF CONTENTS

INTRODUCTION ........ 1

BACKGROUND ........ 2

ARGUMENT ........ 5

I. THE COURT SHOULD CERTIFY ITS ORDER FOR INTERLOCUTORY APPEAL ........ 5

A. The Order Involves a Controlling Question of Law. ........ 5

B. Substantial Ground for Difference of Opinion Exists. ........ 6

C. Immediate Appeal May Materially Advance Termination of the Litigation. ........ 8

II. IN THE ALTERNATIVE, THE COURT SHOULD EXTEND THE STAY PENDING THE *ATKINS* APPEAL ........ 10

A. Plaintiff Has Made a Strong Showing of Likelihood of Success on the Merits. ........ 10

B. Plaintiff Will Be Irreparably Injured Absent a Stay. ........ 11

C. A Stay Will Not Injure Defendant. ........ 12

D. The Public Interest Favors a Stay. ........ 12

CONCLUSION ........ 13

# TABLE OF AUTHORITIES

**United States Supreme Court Cases**

*American Pipe & Construction Co. v. Utah*,
414 U.S. 538 (1974).....11, 12

*Arthur Andersen LLP v. Carlisle*,
556 U.S. 624 (2009).....3

*China Agritech v. Michael H. Resh*,
584 U.S. 732 (2018).....11, 12

*Morgan v. Sundance, Inc.*,
596 U.S. 411 (2022)..... *passim*

*Nken v. Holder*,
556 U.S. 418 (2009).....10

**United States Court of Appeals Cases**

*Franklin v. Cmty. Reg'l Med. Ctr.*,
998 F.3d 867 (9th Cir. 2021) .....8

*Herrera v. Cathay Pac. Airways Ltd.*,
104 F.4th 702 (9th Cir. 2024) .....8

*In re Cement Antitrust Litig.*,
673 F.2d 1020 (9th Cir. 1981) .....5

*In re Pac. Fertility Ctr. Litig.*,
814 F. App'x 206 (9th Cir. 2020) .....8

*Kramer v. Toyota Motor Corp.*,
705 F.3d 1122 (9th Cir. 2013) .....8

*Leiva-Perez v. Holder*,
640 F.3d 962 (9th Cir. 2011) .....10

*MS Dealer Service Corp. v. Franklin*,
177 F.3d 942 (11th Cir. 1999) .....2, 3

*Reese v. BP Expl. (Alaska) Inc.*,
643 F.3d 681 (9th Cir. 2011) .....6, 9

*Scheurer v. Fromm Fam. Foods LLC*,
863 F.3d 748 (7th Cir. 2017) .....7

*Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc.*,
10 F.3d 753 (11th Cir. 1993) ........................................2, 3

*United States v. Kirilyuk*,
29 F.4th 1128 (9th Cir. 2022) ........................................8

*Warciak v. Subway Rests., Inc.*,
880 F.3d 870 (7th Cir. 2018) ........................................7

**California Supreme Court Cases**

*Alameda Cnty. Deputy Sheriff's Ass'n v. Alameda Cnty. Employees' Ret. Ass'n*,
470 P.3d 85 (Cal. 2020) ........................................3, 5

*City of Long Beach v. Mansell*,
476 P.2d 423 (Cal. 1970) ........................................2

*Ford Motor Warranty Cases*,
570 P.3d 857 (Cal. 2025) ........................................7

*Hohenshelt v. Sup. Ct. of L.A. Cnty.*,
573 P.3d 944 (Cal. 2025) ........................................8

*Hostler v. Hays*,
3 Cal. 302 (1853) ........................................4

*Quach v. Cal. Com. Club, Inc.*,
551 P.3d 1123 (Cal. 2024) ........................................8

**California Court of Appeals Cases**

*Austin v. Allstate Ins. Co.*,
16 Cal. App. 4th 1812 (1993) ........................................11

*Ballesteros v. Ford Motor Co.*,
109 Cal. App. 5th 1196 (1st Dist. 2025) ........................................6

*Boucher v. Alliance Title Co., Inc.*,
127 Cal. App. 4th 262 (2d Dist. 2005) ........................................3

*Davis v. Nissan North America, Inc.*,
100 Cal. App. 5th 825 (4th Dist. 2024) ........................................6, 8

*Felisilda v. FCA US LLC*,
53 Cal. App. 5th 486 (3d Dist. 2020) ........................................3

*Garcia v. Pexco, LLC*,
11 Cal. App. 5th 782 (4th Dist. 2017) ... 3

*Goldman v. KPMG, LLP*,
173 Cal. App. 4th 209 (2d Dist. 2009) ... 3

*Metalclad Corp. v. Ventana Environmental Organizational Partnership*,
109 Cal. App. 4th 1705 (4th Dist. 2003) ... *passim*

*Turtle Ridge Media Grp., Inc. v. Pac. Bell Directory*,
140 Cal. App. 4th 828 (2d Dist. 2006) ... 3

**State Supreme Court Cases**

*Hirsch v. Amper Fin. Servs., LLC*,
71 A.3d 849 (N.J. 2013) ... 6

*Santich v. VCG Holding Corp.*,
443 P.3d 62 (Colo. 2019) ... 6

**District Court Cases**

*A.D. by & through Serrano v. Credit One Bank, N.A.*,
No. 14 C 10106, 2016 WL 10612609 (N.D. Ill. Dec. 11, 2016) ... 9

*Agerkop v. Sisyphian LLC*,
No. CV 19-10414-CBM-(JPRx) ... 12

*Apexxus LLC v. OptumRx, Inc.*,
No. 25-cv-00049 (N.D. Cal. 2025) ... 9

*Atkins v. Amplitude, Inc.*,
No. 3:24-cv-04913-RFL (N.D. Cal.) ... *passim*

*Brown v. Google LLC*,
525 F. Supp. 3d 1049 (N.D. Cal. 2021) ... 11

*Henson v. Fid. Nat'l Fin. Inc.*,
No. 2:14-CV-01240-ODW, 2014 WL 1246222, (C.D. Cal. 2014) ... 11

*Lee v. Postmates Inc.*,
No. 18-CV-03421, 2019 WL 1864442 (N.D. Cal. Apr. 25, 2019) ... 9

*Morrison v. Yippee Ent., Inc.*,
No. 24-cv-00797 (S.D. Cal. 2025) ... 9

*Oswald v. MV Transp.*,
No. 25-cv-00696 (N.D. Cal. 2025) ... 10

*World Grp. Sec. v. Ko*,
No. C035055 MJJ(EDL), 2004 WL 1811145 (N.D. Cal. Feb. 11, 2004)....11

**California Superior Court Cases**

*Christensen Bros. Constr. Co. v. Proyecto*,
No. 25CV124989 (Cal. Super. Ct. 2025)....9, 10

**Statutes**

28 U.S.C. § 1292(b) .... *passim*

Cal. Penal Code § 502(e)(5) ....11

Code Civ. Proc. § 1284.2 ....11

**Other Authorities**

Myriam Gilles, Arbitration's Unraveling, 172 U. Pa. L. Rev. 1063 (2024) ....7

## INTRODUCTION

Citing equitable estoppel, Defendant Verve Group Europe GMBH ("Verve") moved to compel arbitration pursuant to an agreement to which it was not a signatory. Plaintiff Woods responded by arguing (among other things) that California courts have impermissibly created a two-tiered system of equitable estoppel whereby non-signatories seeking to enforce arbitration agreements face a lower bar than normally required under traditional principles of equitable estoppel. Specifically, Plaintiff argued that the elimination of detrimental reliance as an element of equitable estoppel in the context of non-signatories seeking to compel arbitration is an arbitration-favoring rule in violation of *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022), which held that the Federal Arbitration Act ("FAA") prohibits courts from creating "bespoke rule[s]" that favor arbitration over litigation. *Id.* at 417–19. This Court disagreed and granted the motion to compel arbitration.

Plaintiff respectfully requests that the Court certify for interlocutory appeal the following question: Whether the rule set forth in *Metalclad Corp. v. Ventana Environmental Organizational Partnership*, 109 Cal. App. 4th 1705 (4th Dist. 2003) and its progeny, allowing non-signatories to compel arbitration through equitable estoppel without showing detrimental reliance, is an arbitration-favoring rule in violation of *Morgan*.

Each of the three requirements for interlocutory review is met. First, the question is outcome-determinative. If the Ninth Circuit holds that the rule set forth in *Metalclad* and its progeny violates *Morgan* and that traditional principles of equitable estoppel apply, Defendant will have to establish detrimental reliance, a showing that it has not made and cannot make. Second, whether this rule is an improper arbitration-favoring rule is a question over which reasonable jurists can disagree. Indeed, courts throughout the country, as well as the appellate courts and Supreme Court of California, have wrestled with this issue and reached contrary conclusions. Third, interlocutory review could materially advance the ultimate termination of this litigation. If the Ninth Circuit agrees with Plaintiff that Defendant cannot enforce the arbitration agreement, immediate review will allow the litigation to proceed without the cost and delay of an unnecessary arbitration.

In the alternative, Plaintiff requests that the Court extend the stay of this case pending resolution of an identical Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) currently pending in *Atkins v. Amplitude, Inc.*, No. 3:24-cv-04913-RFL, ECF No. 49 (N.D. Cal.). The *Atkins* motion seeks certification of the exact same question, verbatim, for interlocutory appeal and is fully briefed and awaiting a ruling. In *Atkins*, Judge Lin recently entered an order informing the parties she will rule on the papers, so a decision is imminent. If the *Atkins* plaintiff prevails on appeal, Plaintiff Woods would move for reconsideration of this Court's December 9, 2025 Order. Proceeding with arbitration now risks forcing Plaintiff to expend significant time and resources in arbitration, when the Ninth Circuit may soon hear this exact same issue and clarify that litigation was indeed the proper forum. Defendant Verve would not be prejudiced by the requested stay. The case is already stayed and neither party has initiated or spent any resources on arbitration.

## BACKGROUND

In California, the development of equitable estoppel in the context of non-signatories to an arbitration agreement began in 2003 with *Metalclad Corp.*, 109 Cal. App. 4th 1705. *Metalclad* characterized the issue as one "of first impression in California." *Id.* at 1715. Rather than looking to California's well-established, traditional equitable estoppel doctrine, which had required detrimental reliance for over 150 years, *see City of Long Beach v. Mansell*, 476 P.2d 423, 442 (Cal. 1970), *Metalclad* explicitly declared that "federal law, not state law" controlled this question. 109 Cal. App. 4th at 1712.

To discern this purported "federal" standard, *Metalclad* looked outside California entirely, relying on two Eleventh Circuit decisions: *MS Dealer Service Corp. v. Franklin*, 177 F.3d 942 (11th Cir. 1999) and *Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc.*, 10 F.3d 753 (11th Cir. 1993). These federal cases allowed non-signatories to compel arbitration when claims were "intimately founded in and intertwined with" a contract—explicitly to advance a purported "federal policy favoring arbitration." *Metalclad*, 109 Cal. App. 4th at 1712–13 (quotations omitted).

The *Metalclad* court believed it was bound to apply this test as part of the "federal substantive law of arbitrability." *Id.* (quotation omitted). But six years after *Metalclad*, the Supreme

Court definitively rejected its foundational premise. In *Arthur Andersen LLP v. Carlisle*, the Court held that the FAA does not "alter background principles of state contract law regarding the scope of agreements (including the question of who is bound by them)." 556 U.S. 624, 630–31 (2009). "[S]tate law, therefore, is applicable to determine which contracts are binding under [FAA] § 2 and enforceable under [FAA] § 3 if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally." *Id.* (alteration in original) (citation and internal quotation marks omitted). The Court specifically noted that state law governs "estoppel." *Id.* at 631.

The Eleventh Circuit cases on which *Metalclad* relied—*MS Dealer* and *Sunkist*—were both abrogated by *Arthur Andersen*. *See* 556 U.S. at 630–31. But despite *Arthur Andersen*, California appellate courts continued to uncritically apply and expand *Metalclad*'s holding. For example, the appellate court in *Goldman v. KPMG, LLP*, 173 Cal. App. 4th 209 (2d Dist. 2009), stated it was applying "governing federal law." *Id.* at 219; *see also Boucher v. Alliance Title Co., Inc.*, 127 Cal. App. 4th 262, 268 (2d Dist. 2005) (stating that whether a non-signatory can rely on an arbitration clause to compel a plaintiff to arbitrate "is answered not by state law, but by the federal substantive law of arbitrability"); *Turtle Ridge Media Grp., Inc. v. Pac. Bell Directory*, 140 Cal. App. 4th 828, 832–33 (2d Dist. 2006) (answering the same question by "turn[ing] to federal arbitration law"); *Garcia v. Pexco, LLC*, 11 Cal. App. 5th 782, 785–86 (4th Dist. 2017) (citing *Boucher* and *Metalclad* without further analysis); *Felisilda v. FCA US LLC*, 53 Cal. App. 5th 486, 495–96 (3d Dist. 2020) (citing *Boucher* and *Goldman* without further analysis).

Notably, the California Supreme Court has never endorsed the *Metalclad* standard and has never wavered from the traditional equitable estoppel rule. As recently as 2020, in *Alameda County Deputy Sheriff's Ass'n v. Alameda County Employees' Retirement Ass'n*, 470 P.3d 85, 106–07 (Cal. 2020), the Court reaffirmed that equitable estoppel requires four elements, including that the party invoking estoppel must have "rel[ied] upon the conduct to his injury." *Id.* at 106 (noting that "[e]quitable estoppel generally must be premised on some type of representation, ordinarily false, about a set of circumstances[]" on which the party invoking estoppel relied, to its detriment). This

traditional rule traces back over 150 years. *See Hostler v. Hays*, 3 Cal. 302, 306–07 (1853) (equitable estoppel requires that someone "by his representations has led others to act.").

In this case, citing equitable estoppel under the *Metalclad* line of cases, Defendant Verve moved to compel arbitration pursuant to an agreement to which it was not a signatory. Plaintiff argued that elimination of detrimental reliance as an element of equitable estoppel in the arbitration context is an arbitration-favoring rule in violation of *Morgan*. This Court granted the motion to compel arbitration on December 9, 2025 on other grounds, and did not address Plaintiff's *Morgan* argument in its order.

Meanwhile, in *Atkins*, No. 3:24-cv-04913-RFL, the plaintiff asserts the same CIPA and CDAFA claims at issue here, among others, based on a materially identical fact pattern. Like this case, plaintiff Atkins alleges that a third-party SDK—defendant Amplitude's SDK, which is embedded in the DoorDash mobile app—surreptitiously collected users' precise geolocation data and other personal information without their knowledge or consent. *Id.* at ECF No. 23. On September 2, 2025, Judge Rita F. Lin granted Amplitude's motion to compel arbitration, allowing the non-signatory defendant to enforce the arbitration agreement based on the same equitable estoppel theory at issue here. *Id.* at ECF No. 48. The *Atkins* plaintiff filed a Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) on September 30, 2025, requesting certification of the following question, which is identical to the question proposed here by Plaintiff Woods:

> Whether the rule set forth in *Metalclad Corp. v. Ventana Environmental Organizational Partnership*, 109 Cal. App. 4th 1705 (4th Dist. 2003) and its progeny, allowing non-signatories to compel arbitration through equitable estoppel without showing detrimental reliance, is an arbitration-favoring rule in violation of *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022).

*Atkins*, No. 3:24-cv-04913-RFL, at ECF No. 49.

That motion is now fully briefed and awaiting ruling. *Id.* at ECF Nos. 49, 52, 53. On December 11, 2025, Judge Lin vacated the scheduled hearing for oral argument on the motion and

indicated she would decide the motion on the papers, so a ruling should be issued any day now. *Id.* at ECF No. 56.

## ARGUMENT

### I. THE COURT SHOULD CERTIFY ITS ORDER FOR INTERLOCUTORY APPEAL

*Morgan* bars the creation of "bespoke rule[s]" that favor arbitration over litigation. 596 U.S. at 417–19. Plaintiff contends that the rule from *Metalclad* and its progeny—that non-signatories to an arbitration agreement do not need to establish detrimental reliance in order to invoke equitable estoppel—is just such a rule. While this Court disagreed, Plaintiff respectfully requests that the question be certified for interlocutory review pursuant to 28 U.S.C. § 1292(b). Section 1292(b) provides that a district court may certify an interlocutory order for appeal when: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). All three criteria are satisfied here.

#### A. The Order Involves a Controlling Question of Law.

A "controlling question of law" is one that could "materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). Whether *Metalclad* and its progeny's rule allowing non-signatories to compel arbitration through equitable estoppel without showing detrimental reliance is an arbitration-favoring rule in violation of *Morgan* presents a pure question of law that is outcome-determinative here.

Equitable estoppel was the only ground on which Defendant asserted a right to enforce the arbitration agreement to which it was not a signatory. If Plaintiff is correct that detrimental reliance is required for Defendant to invoke equitable estoppel, the motion to compel arbitration must fail. Detrimental reliance requires some affirmative representation by the party sought to be estopped that was intended to induce reliance by the party invoking estoppel. *See Alameda Cnty.*, 470 P.3d at 106. Here, Plaintiff made no representation and engaged in no conduct intended to induce Defendant into believing that Plaintiff would arbitrate any dispute that might arise between them, nor does Defendant claim that it held such a mistaken belief or that it took any action in detrimental reliance

on such a belief. If detrimental reliance is required to establish equitable estoppel here, the motion to compel arbitration should have been denied rather than granted. That difference materially affected the outcome of the litigation—it stopped the litigation entirely in favor of arbitration—and is thus a controlling question of law.

**B. Substantial Ground for Difference of Opinion Exists as to Whether California's Test is an Arbitration-Favoring Rule in Violation of *Morgan*.**

"[S]ubstantial ground for difference of opinion" exists when "reasonable jurists might disagree on an issue's resolution." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). Importantly, Section 1292(b) does not require "directly conflicting" authority—the Ninth Circuit has "flatly rejected such a rigid approach." *Id.* at 688 n.5. Reasonable jurists might—indeed, they do—disagree as to whether allowing non-signatories to enforce arbitration agreements through equitable estoppel without showing detrimental reliance is an improper arbitration-favoring rule.

In *Ballesteros v. Ford Motor Co.*, for example, the California Court of Appeals noted that the term "equitable estoppel" is "a bit of a misnomer" in this context because it "does not require the nonsignatory's detrimental reliance . . . as traditional equitable estoppel would." 109 Cal. App. 5th 1196, 1207 n.2 (1st Dist. 2025). And in *Davis v. Nissan North America, Inc.*, the California Court of Appeals was troubled by the fact that *Metalclad* has created two distinct doctrines in California: "In the arbitration context, California courts have not applied the four traditional elements for equitable estoppel" that the Supreme Court of California has consistently required. 100 Cal. App. 5th 825, 835 n.3 (4th Dist. 2024). The *Davis* court did not rule that *Metalclad*'s rule was impermissibly arbitration-specific "because it ha[d] not been briefed by the parties." *Id.* But as the *Davis* court noted, "other jurisdictions have rejected such an arbitration-specific version of equitable estoppel" that does away with detrimental reliance. *Id.*; *see also Santich v. VCG Holding Corp.*, 443 P.3d 62, 65–66 (Colo. 2019) ("We see no compelling reason to depart from our traditionally defined elements of equitable estoppel [including detrimental reliance] to craft an arbitration-specific rule."); *Hirsch v. Amper Fin. Servs., LLC*, 71 A.3d 849, 857–60 (N.J. 2013) ("Stated simply, we reject intertwinement as a theory for compelling arbitration when its application is untethered to any . . . evidence of

detrimental reliance . . . ."); *Warciak v. Subway Rests., Inc.*, 880 F.3d 870, 872 (7th Cir. 2018) (applying Illinois law to hold that because "Subway cannot show detrimental reliance. . . . Subway cannot rely on estoppel to enforce the arbitration agreement"); *Scheurer v. Fromm Fam. Foods LLC*, 863 F.3d 748, 753 (7th Cir. 2017) (noting Wisconsin law "reject[s] equitable estoppel claims when the party seeking to apply estoppel could not show specific facts supporting reasonable and detrimental reliance.").

The California Supreme Court has explicitly reserved the possibility that the *Metalclad* line of cases does not survive *Morgan*. That court recently decided *Ford Motor Warranty Cases*, 570 P.3d 857 (Cal. 2025), which involved non-signatory manufacturers seeking to enforce arbitration agreements between dealers and consumers. The court "conclude[d] this estoppel approach ha[d] no application" to Ford's attempt to compel arbitration, but critically, it did so without reaching the *Morgan* question presented here. *Id.* at 859. The court found that Ford could not invoke equitable estoppel because the plaintiffs' claims flowed "not from the contract where the arbitration clause appears, but from obligations imposed by statute or conventional fraud duties." *Id.* Because the warranty obligations in question arose from statutes like the Song-Beverly Act, not from the sales contracts themselves, the court was able to reject Ford's equitable estoppel argument on these narrower, fact-specific grounds.

Significantly, the court expressly declined to reach the broader question presented here—whether *Metalclad*'s equitable estoppel doctrine itself violates *Morgan*. In footnote 4, the court acknowledged: "As an alternative argument, plaintiffs contend that *Metalclad*'s analysis runs afoul of *Morgan v. Sundance, Inc.*, *supra*, 596 U.S. 411. . . . In light of our resolution here, we need not, and do not, address plaintiffs' alternative argument." *Id.* at 863–64 n.4. This explicit reservation of the *Morgan* question underscores the substantial ground for difference of opinion. Commentators, too, have questioned whether state-law equitable estoppel case law involving non-signatories seeking to compel arbitration survives *Morgan*. *See* Myriam Gilles, *Arbitration's Unraveling*, 172 U. Pa. L. Rev. 1063, 1094 (2024) ("[T]he entire edifice of state-law estoppel principles supporting nonsignatory arbitration should, by all logic, come crumbling down in the wake of *Morgan*.").

Other California Supreme Court decisions have attacked *Metalclad*'s underlying rationale that a "policy favoring arbitration" justifies eliminating the detrimental reliance requirement for non-signatories seeking to compel arbitration through equitable estoppel. *Hohenshelt v. Sup. Ct. of L.A. Cnty.*, 573 P.3d 944, 949 (Cal. 2025) (after *Morgan*, the FAA preempts California laws that "deviate from generally applicable state law contract principles" or "invent special, arbitration-preferring procedural rules") (internal quotation marks and citations omitted); *Quach v. Cal. Com. Club, Inc.*, 551 P.3d 1123, 1129 (Cal. 2024) (after *Morgan*, "our determination of whether [a rule is arbitration-specific] . . . is governed by generally applicable state law contract principles."). This further underscores the grounds for substantial difference of opinion.

That the Ninth Circuit has cited and applied the *Metalclad* line of cases (even post-*Morgan*) does not indicate a lack of substantial ground for difference of opinion. *See Kramer v. Toyota Motor Corp.*, 705 F.3d 1122 (9th Cir. 2013); *In re Pac. Fertility Ctr. Litig.*, 814 F. App'x 206 (9th Cir. 2020); *Franklin v. Cmty. Reg'l Med. Ctr.*, 998 F.3d 867 (9th Cir. 2021); *Herrera v. Cathay Pac. Airways Ltd.*, 104 F.4th 702 (9th Cir. 2024). Those decisions reflect a lack of consideration, not a well-reasoned prediction that the Supreme Court of California would endorse *Metalclad*'s standard. *Herrera*, *Kramer*, *In re Pacific Fertility Center*, and *Franklin* accepted the version of equitable estoppel from *Metalclad* at face value, and, as in *Davis*, it does not appear that any of the parties in those cases raised the issue of that test's origins in federal case law and its departure from traditional equitable estoppel principles. "Questions that merely lurk in the record, neither brought to the court's attention nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *United States v. Kirilyuk*, 29 F.4th 1128, 1134 (9th Cir. 2022) (cleaned up).

As illustrated by the California appellate and Supreme Court opinions expressing concern over the issue (as well as the state and federal courts applying Colorado, New Jersey, Illinois, and Wisconsin law), there is substantial ground for difference of opinion as to whether allowing non-signatories to enforce arbitration agreements through equitable estoppel without showing detrimental reliance is an improper arbitration-favoring rule.

**C. Immediate Appeal May Materially Advance Termination of the Litigation.**

Finally, immediate review of the Court's arbitration order may materially advance termination of the litigation. If the Ninth Circuit agrees with Plaintiff that Defendant cannot enforce the arbitration agreement, immediate review will allow the litigation to proceed without the cost and delay of an unnecessary arbitration. Absent certification under Section 1292(b)—or, at minimum, a stay pending the *Atkins* appeal, as requested below—Plaintiff cannot appeal until after an arbitration is completed and this Court confirms or vacates whatever award is ultimately entered by the arbitrator.

That a reversal of this Court's order compelling arbitration—or on reconsideration following the *Atkins* appeal—would not have "a final, dispositive effect on the litigation" is of no moment; Section 1292(b)'s text and controlling precedent require "only that it 'may materially advance' the litigation." *Reese*, 643 F.3d at 688 (quoting 28 U.S.C. § 1292(b)). A decision by the Ninth Circuit allowing Plaintiff's claims to proceed in litigation rather than arbitration would do just that, making certification of interlocutory appeal appropriate. *See id.* An immediate appeal would either confirm that arbitration must proceed or allow the case to continue in court—avoiding unnecessary arbitration and post-arbitration appeals. *See Lee v. Postmates Inc.*, No. 18-cv-03421, 2019 WL 1864442, at *4 (N.D. Cal. Apr. 25, 2019) (granting certification in part because "an appeal before arbitration will . . . conclude more quickly than requiring arbitration to run its course before the appeal begins"); *A.D. by & through Serrano v. Credit One Bank, N.A.*, No. 14 C 10106, 2016 WL 10612609, at *1 (N.D. Ill. Dec. 11, 2016) (certifying interlocutory appeal on the Seventh Circuit's "arbitration-by-estoppel doctrine" because "determination of this question on appeal now, rather than later after an arbitration proceeding is over and done with, may materially advance the ultimate termination of the litigation.").

Moreover, resolution of this issue will provide critical guidance for numerous other cases in California, beyond *Atkins*, where non-signatories seek to compel arbitration under *Metalclad*. *E.g., Morrison v. Yippee Ent., Inc.*, No. 24-cv-00797, ECF No. 13-1 (S.D. Cal. 2025); *Apexxus LLC v. OptumRx, Inc.*, No. 25-cv-00049, ECF No. 11 (N.D. Cal. 2025); *Christensen Bros. Constr. Co. v.*

*Proyecto*, No. 25CV124989 (Cal. Super. Ct. 2025); *Oswald v. MV Transp.*, No. 25-cv-00696, ECF No. 16 (N.D. Cal. 2025).

## II. IN THE ALTERNATIVE, THE COURT SHOULD EXTEND THE STAY PENDING THE *ATKINS* APPEAL

In the alternative, if the Court declines to certify its order for interlocutory appeal, Plaintiff respectfully requests that the Court extend the stay of this case, including any obligation to initiate or proceed with arbitration, pending resolution of the certification motion and any subsequent appeal in *Atkins*, No. 3:24-cv-04913-RFL.

In deciding whether to grant a stay, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009). The Ninth Circuit weighs these factors using a sliding scale approach, whereby "a stronger showing of one element may offset a weaker showing of another." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (citation omitted). All four factors favor the requested stay here.

### A. Plaintiff Has Made a Strong Showing of Likelihood of Success on the Merits.

For the reasons set forth above, there is substantial ground to believe the *Atkins* plaintiff—or Plaintiff Woods, if this Court also certifies the same question—will succeed on appeal. If the Ninth Circuit holds that *Morgan* requires courts to apply traditional equitable estoppel principles, Defendant would need to demonstrate detrimental reliance to compel arbitration—a showing it has not made and cannot make, because Verve is a stranger to the arbitration agreement between Plaintiff and Tagged, Plaintiff had no pre-existing relation with Verve and made no representation to Verve, and Verve could not have relied on an agreement it played no part in. (*See* ECF No. 44 at 22.) A ruling in favor of the *Atkins* plaintiff would provide grounds for Plaintiff Woods to move for reconsideration of this Court's December 9, 2025 Order based on an intervening Ninth Circuit decision.

Because the *Atkins* appeal has a strong likelihood of success—and a favorable ruling would provide clear grounds for reconsideration here—this factor weighs heavily in favor of a stay.

**B. Plaintiff Will Be Irreparably Injured Absent a Stay.**

Absent a stay pending *Atkins*, Plaintiff Woods would be forced to arbitrate claims that the Ninth Circuit may soon decide he has every right to litigate in court—and the significant time and expense of arbitration cannot be undone. *World Grp. Sec. v. Ko*, No. C035055 MJJ(EDL), 2004 WL 1811145, at *7 (N.D. Cal. Feb. 11, 2004) ("[T]ime and resources spent in arbitration are not compensable by monetary award under the Arbitration Act."); *see Austin v. Allstate Ins. Co.*, 16 Cal. App. 4th 1812, 1815 (1993) (citing California Code of Civil Procedure § 1284.2 and explaining that "the legislative policy of this state that arbitration costs are to be borne by the party incurring them, unless the arbitration agreement provides otherwise.").

The irreparable harm suffered by putative class members would be even greater absent a stay. Under *American Pipe & Construction Co. v. Utah*, "commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." 414 U.S. 538, 554 (1974). Tolling under *American Pipe* continues until the court finds "the suit inappropriate for class action status." *Id.* at 553; *see Henson v. Fid. Nat'l Fin., Inc.*, No. 2:14-CV-01240-ODW, 2014 WL 1246222, at *5 (C.D. Cal. Mar. 21, 2014) (explaining that *American Pipe* tolling continues "until the trial court denies class certification, dismisses the lawsuit, or otherwise strips the action of its putative-class-action status."). Here, if arbitration proceeds and an award becomes final, this litigation will terminate, stripping the action of its putative class action status and ending *American Pipe* tolling. Putative class members' statutes of limitations—one year for CIPA claims and three years for CDAFA claims—will begin running again. *See Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1069 (N.D. Cal. 2021) (CIPA claims); Cal. Penal Code § 502(e)(5) (CDAFA claims). And if the Ninth Circuit soon holds that *Metalclad*'s equitable estoppel rule violates *Morgan*, any subsequent attempt to refile this action as a class action would not retoll the limitations period for absent class members, meaning the clock would be running throughout the litigation for all class members. *China Agritech*

*v. Michael H. Resh*, 584 U.S. 732, 748 (2018) (holding that *American Pipe* tolling does not continue for "a follow-on class action").

Here, this concern is particularly acute because as an undisclosed third-party data aggregator, Verve's alleged conduct is invisible to those it affects. Class members have no way of knowing Verve exists—its name appears nowhere that Tagged users would encounter—let alone that it collected their precise geolocation data. (ECF No. 20 ¶¶ 1–5; ECF No. 44 at 9–10.) Without this litigation, class members would have no means to discover Verve's involvement, let alone pursue individual claims before their limitation periods expire, and no notice has been sent to the class. If the requested stay is not entered, hundreds of thousands—if not millions—of individuals will likely lose their claims through no fault of their own, as their limitation periods would expire during the pendency of any subsequent class action post-*Atkins*. This Court can foreclose that possibility by entering an order that stays this case, including arbitration, pending *Atkins*.

**C. A Stay Will Not Injure Defendant**

Defendant Verve will not be injured by the requested stay. Defendant has not initiated arbitration proceedings, incurred arbitration costs, or taken any action in detrimental reliance on this Court's order compelling arbitration. A brief delay to await the *Atkins* ruling and potentially a subsequent appeal will not prejudice Defendant in any meaningful way. The May 12, 2026 case management conference provides a natural checkpoint for the parties to update the Court on the status of the *Atkins* litigation—a ruling from Judge Lin should issue before that date.

**D. The Public Interest Favors a Stay.**

The public interest favors avoiding wasteful proceedings and promoting judicial efficiency. If the Ninth Circuit holds that *Metalclad* violates *Morgan*, any arbitration conducted in the interim will have been unnecessary. Waiting for the *Atkins* resolution ensures that the parties proceed in the correct forum, whether that is arbitration or litigation. *See Agerkop v. Sisyphian LLC*, No. CV 19-10414-CBM-(JPRx), 2021 WL 4348734, at *5 (C.D. Cal. July 26, 2021) (explaining that the "public interest may be served through judicial efficiency and economy by staying this action until the Ninth

Circuit issues a decision on the appeal regarding whether Plaintiffs' claims should be arbitrated or litigated in this Court. . . . ").

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court:

1. Amend its December 9, 2025 Order (ECF No. 54) to certify the following question for interlocutory appeal: Whether the rule set forth in *Metalclad Corp. v. Ventana Environmental Organizational Partnership*, 109 Cal. App. 4th 1705 (4th Dist. 2003) and its progeny, allowing non-signatories to compel arbitration through equitable estoppel without showing detrimental reliance, is an arbitration-favoring rule in violation of *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022); or
2. In the alternative, enter an order staying this case, including any obligation to initiate or proceed with arbitration, pending resolution of the Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) in *Atkins v. Amplitude, Inc.*, No. 3:24-cv-04913-RFL, ECF No. 49 (N.D. Cal.), and, if that motion is granted, pending resolution of the interlocutory appeal in the Ninth Circuit.

Dated: February 4, 2026

Respectfully submitted,

**ALEX WOODS,** individually and on behalf of all others similarly situated,

By: /s/ Rafey Balabanian
*One of Plaintiff's Attorneys*

Rafey Balabanian (SBN 315962)
rbalabanian@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300
Fax: 415.373.9435

Schuyler Ufkes*
sufkes@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor

Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

**Pro hac vice admission to be sought*

*Counsel for Plaintiff and the Putative Class*